**TRANSPORTATION UNLIMITED OF CALIFORNIA, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. No. 68–1987–S.**

United States District Court
C. D. California.
May 12, 1969.

Murchison, Stebbins & Davis, by Donald Murchison, Beverly Hills, Cal., Hays & Hays, Washington, D. C., for plaintiff.

Arthur Cerra, Office of the Gen. Counsel, ICC, Washington, D. C., James D. Murray, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

Before KOELSCH, Circuit Judge, and STEPHENS and CRARY, District Judges.

### ORDER

PER CURIAM.

Plaintiff filed an action under 28 U.S. C. §§ 2284 and 2321–2325 to set aside a decision and order of the Interstate Commerce Commission Review Board No. 3, decided on April 18, 1968, denying plaintiff's application for a contract carrier permit. Plaintiff's original petition requested a permit to serve more than one shipper, but before the final decision, the application had been restricted to a request to serve only one shipper. It was considered by the Board in this posture.

 It was determined that plaintiff proposed to operate as a contract carrier in view of the fact that motor vehicles were exclusively assigned to the shipper. This is a proper determination pursuant to the provisions of 49 U.S.C. § 303(a) (15) (a). The Board then turned to the provisions of 49 U.S.C. 309(b) to determine whether the issuance of the requested permit would be consistent with the public interest and the national transportation policy.

The considerations of public interest and national transportation policy are many and varied and within the special expertise of the Board and the Commission. While the findings and opinion of the examiner might have been more explicitly stated, or the Board or the Commission in adopting it might have added some clarification, its meaning is abundantly clear when it is viewed as a whole and no error is apparent.

The decision of the Commission that granting the application would not be consistent with the public interest and national transportation policy was based upon adequate findings based upon substantial evidence and in accordance with applicable law. This decision and the refusal to grant a further hearing was a rational exercise of administrative discretion.

It is ordered that the Findings of Fact of the Commission are adopted by this Court and the decision of the Commission is affirmed and the complaint is dismissed.